Jared J. Braithwaite (CA State Bar No. 288642)
    jbraithwaite@foley.com
FOLEY & LARDNER LLP
95 South State Street, Suite 2500
Salt Lake City, Utah 84111
(801) 401-8900

Attorneys for Plaintiff North Atlantic Imports, LLC d/b/a Blackstone

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| **North Atlantic Imports, LLC, d/b/a Blackstone**,<br><br>a Utah limited liability company,<br><br>Plaintiff;<br><br>v.<br><br>**YSN Imports, Inc., d/b/a Flame King,**<br>a Nevada Corporation,<br><br>Defendant. | Case No. 2:23-8204<br><br>**Complaint for**<br><br>1. **Infringement of U.S. Patent No. 10,327,588**<br><br>2. **Infringement of U.S. Patent No. 10,327,589**<br><br>3. **Infringement of U.S. Patent No. 10,952,564**<br><br>4. **Infringement of U.S. Patent No. 10,959,572**<br><br>5. **Infringement of U.S. Patent No. 11,284,743**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff North Atlantic Imports, LLC d/b/a Blackstone ("Blackstone") hereby complains, petitions, and alleges against Defendant YSN Imports, Inc. d/b/a Flame King ("Flame King") as follows:

### Jurisdiction, the Parties, and Venue

1.      This is an action for patent infringement based on the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.      Blackstone is a Utah limited liability company with its principal place of business at 1073 West 1700 North, Logan, Utah 84321.

3.      On information and belief, Flame King is a Nevada corporation with its principal place of business at 8616 Slauson Ave, Pico Rivera, CA 90660.

4.      This Court has general and specific personal jurisdiction over Flame King. Flame King is a registered corporation under the laws of the state of Nevada with its principal place of business in the state of California. Flame King and/or its agents perform the legal violations described herein within this District and derive revenue and value therefrom, to purposefully avail itself of the privilege of conducting business within this state and District. Flame King also injects the infringing products complained of herein into the interstate stream of commerce based on its utilization of the laws of the State of California.

5.      This Court may exercise jurisdiction over Flame King on the ground that Flame King resides in this District. Additionally, Flame King has utilized the laws in this District to engage in the acts complained about herein in order to cause injury to Blackstone, divert sales away from Blackstone, and harm consumers including those in this District.

6.      Flame King's website describes its location to be "8616 Slauson, Avenue, Pico Rivera, CA 90660." Additionally, Flame King's website footer description is, "Flame King | Pico Rivera, CA 90660." https://flameking.com/about-us/.

7.      Accordingly, venue is proper under 28 U.S.C. §§ 1391 and 1400(b) because Flame King's principal place of business is California and, as a result, a substantial part of the events giving rise to the claims, including acts of patent infringement, in this Complaint occurred in this District. Flame King distributes and sells the infringing products within this District.

**Nature of the Action**

8.      that infringes U.S. Patent Nos. 10,327,588 ("'588 Patent"), 10,327,589 ("'589 Patent"), 10,952,564 ("'564 Patent"), 10,959,572 ("'572 Patent"), and 11,284,743 ("'743 Patent"), owned by Blackstone (collectively, "Blackstone Patents"). Copies of the Blackstone Patents are attached as Exhibits 1 through 5.

**Blackstone and Its Patented Products**

9.      Blackstone is in the business of providing top of the line outdoor cooking griddles and accessories. Blackstone has been in this business for nearly two decades, designing and innovating high-quality products that yield the best results.

10.      As a result of Blackstone's innovation, Blackstone was recognized as one of the fastest-growing brands in the categories of gas griddles and portable griddles by the NPD Group in 2021.[1]

---

[1]https://www.prweb.com/releases/npd_recognizes_top_performing_outdoor_grill_and_smoker_brands_in_2021/prweb18526691.htm

11.     When Blackstone first launched its classic griddle in 2008, it revolutionized the outdoor cooking market. Early innovations at that time included the 36" Blackstone Griddle as shown below:



**36" Blackstone Griddle**

12.     Since then, Blackstone has continued to be at the forefront of innovation and offer cutting-edge technology for its customers.

13.     In addition to Blackstone's actual development and sale of outdoor cooking products, Blackstone has obtained numerous patents. These patents are the result of years of innovation, investment, and hard work that helped Blackstone become a leading provider of outdoor griddle stations and other outdoor cookware.

14.     Blackstone has redefined griddles and griddle technologies and has ensured to protect these technologies with its patent portfolio.

15.     Blackstone's patented innovations cover a breadth of areas including griddle grease management systems, pizza ovens, cooking stations with cutting boards and side shelves, outdoor gas and electric air fryers, covering for griddle cooking stations, griddle wind screens, and portable cooking stations, to name a few.

16.     Blackstone's patents include U.S. Patent Nos. 10,327,588 ("'588 Patent"), 10,327,589 ("'589 Patent"), 10,952,564 ("'564 Patent"), 10,959,572 ("'572 Patent"), and

4895-0428-0705.2

11,284,743 ("'743 Patent"), which are owned by Blackstone (collectively, "Blackstone Patents"). Copies of the Blackstone Patents are attached as Exhibits 1 through 5.

17.    Many of Blackstone's technological innovations related to griddle grease waste management are protected by, *inter alia*, a portfolio of utility and design patents, including the Blackstone Patents.

18.    Blackstone is the owner of the Blackstone Patents and holds all rights, title, and interest in and to the Blackstone Patents, including the right to sue and recover for all past, present, and future infringements.

19.    The Blackstone Patents generally relate to griddle design for a rear opening to collect unwanted food waste byproduct. The Blackstone Patents solve a variety of novel and difficult problems related to the design of griddles, including how to effectively eliminate food waste while using a griddle cooktop surface. The Blackstone Patents achieve these solutions through creative application and innovative design principles developed by Blackstone.

20.    This includes methods of managing unwanted food byproduct such as griddle grease by use of a rear opening, for example, below:



FIG. 10

**Flame King's Infringement of the Blackstone Patents**

21.    Flame King is a propane storage solutions company that has recently entered the outdoor cooking griddle market with a rear opening for unwanted food by product such as griddle grease.

22.     This action arises out of Flame King's making, using, selling, offering to sell, and/or importing its 2-Burner Propane Tabletop, Heavy Duty Flat Top Cast Iron Griddle Grill Station (Model No. YSNFM-HT-120DB), (the "Accused Product")

23.     An example of Flame King's griddle tabletop grill is shown below:



**2-Burner Propane Tabletop, Heavy Duty Flat Top Cast Iron Griddle Grill Station**

24.     The above example of the Accused Product is advertised and sold on Flame King's website at: https://flamekingproducts.com/products/2-burner-propane-tabletop-griddle-grill.

25.     Flame King advertises the Accused Product on its website to have a griddle station that removes unwanted food byproduct such as griddle grease by use of a rear opening:



26.   The above example is not exhaustive. Blackstone's investigation of Flame King's Accused Product is ongoing, and the above list may expand to include additional infringing products with similarly designed grill tops.

27.   The Accused Product incorporates and relies on inventions protected by at least the Blackstone Patents.

28.   Blackstone has not authorized, licensed, or otherwise given permission for Flame King to use any of the Blackstone Patents or to make, use, offer for sale, or sell any product or service under any claim of the Blackstone Patents.

29.   Flame King makes, uses, sells, and offers for sale, the Accused Product.

30.   As detailed more specifically below, Flame King has and continues to directly and indirectly infringe one or more claims of each of the Blackstone Patents by making, using, selling, offering for sale in the United States, and/or importing into the United States, the Accused Products to their customers.

## Count I—Infringement of U.S. Patent No. 10,327,588

31.   Blackstone repeats and realleges the allegations set forth above as if fully restated herein.

32.   The '588 Patent was filed on April 29, 2017, and issued June 25, 2019, entitled, "Griddle device, system, and method." A copy of the '588 Patent is attached hereto as Exhibit 1.

33.   Blackstone is the owner by assignment of all rights, title, and interest in the '588 Patent. The '588 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. Blackstone has not licensed Flame King to practice the '588 Patent.

34.   Flame King makes, uses, sells, offers to sell, and/or imports into the United States the Accused Product.

35.   Flame King also makes, uses, sells, offers to sell, and/or imports into the United States the Accused Product directly as well as from and through other retailers, such as Home Depot.

36.     Flame King offers the Accused Product for sale to potential buyers. The Accused Product competes directly with Blackstone's products, are sold at the same retailers as Blackstone's products, and closely imitate the technology of the '588 Patent.

37.     The Accused Products infringe literally or under the doctrine of equivalents, at least claim 1 of the '588 Patent, in violation of United States Patent laws. 35 U.S.C §§ 271, *et seq*.

38.     The Accused Products is a griddle system configured to manage unwanted food byproducts that comprises:

   a.  a griddle including an upper side and an underside, the upper side including a flat cooking surface extending to define a rear end, a front end, a left end and a right end, the rear end extending parallel relative to the front end and the left end extending parallel relative to the right end, the upper side including a splash guard extending along an entire periphery of the upper side of the griddle so as to extend above the flat cooking surface, the splash guard extending to define a rear splash guard, a front splash guard, a left splash guard and a right splash guard, the front splash guard and the left and right splash guards directly extending upward from the flat cooking surface along entire lengths of the respective front, left and right ends of the flat cooking surface;

   b.  wherein the flat cooking surface, adjacent a length of the rear end of the cooking surface, directly extends to a sloped surface to define a trough such that the sloped surface extends with an acute angle relative to the flat cooking surface, the sloped surface of the trough extending downward to a rear opening at least partially defined in the trough and the rear splash guard.

39.     As further shown in the images below, the Accused Product satisfies all claim limitations of at least claim 1 of the '588 Patent:

4895-0428-0705.2



40.    Flame King has been infringing—directly, contributorily, and by inducement—the claims of the '588 Patent in the United States, including in this judicial district.

41.    Blackstone has satisfied the statutory requirements to collect pre-suit damages for infringement of each of the Blackstone Patents, including, without limitation, any applicable provisions of 35 U.S.C. § 287, by, at least, providing notice via a website made available at https://blackstoneproducts.com/pages/patents.

42.    Blackstone has been damaged by Flame King's infringement of the '588 Patent and will continue to be damaged unless Flame King is enjoined by this court. Blackstone has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Blackstone and public interest would be served by an injunction.

43.    By reason of the foregoing, Blackstone is entitled to relief against Flame King, pursuant to at least 35 U.S.C. §§ 283–85.

**Count II—Infringement of U.S. Patent No. 10,327,589**

44.    Blackstone repeats and realleges the allegations set forth above as if fully restated herein.

45.    The '589 Patent was filed on December 21, 2018, and issued June 25, 2019, entitled, "Outdoor cooking station with griddle, system and method thereof."

46.    Blackstone is the owner by assignment of all rights, title, and interest in the '589 Patent. The '589 Patent is valid, enforceable, and was duly issued in full compliance

4895-0428-0705.2

with Title 35 of the United States Code. Blackstone has not licensed Flame King to practice the '589 Patent. A copy of the '589 Patent is attached hereto as Exhibit 2.

47.    Flame King makes, uses, sells, offers to sell, and/or imports into the United States the Accused Product.

48.    Flame King also makes, uses, sells, offers to sell, and/or imports into the United States the Accused Product directly as well as from and through other retailers, such as Home Depot.

49.    Flame King offers the Accused Product for sale to potential buyers. The Accused Product competes directly with Blackstone's products, are sold at the same retailers as Blackstone's products, and closely imitate the technology of the '589 Patent.

50.    The Accused Products infringe literally or under the doctrine of equivalents, at least claim 1 of the '589 Patent, in violation of United States Patent laws. 35 U.S.C §§ 271, *et seq*.

51.    The Accused Products is an outdoor portable cooking station configured to manage unwanted food byproduct that comprises:

   a. a frame extending to define a front side, a rear side, a left side and a right side each extending between a lower end and an upper portion, the frame including multiple heating elements controlled along the front side and coupled to the upper portion of the frame; and

   b. a griddle configured to be supported by the upper portion of the frame and positioned above the heating elements, the griddle including:

   c. a flat cooking surface extending between a front end and a rear end and extending between left end and a right end, each of the front end and rear end of the flat cooking surface corresponding with the respective front side and the rear side of the frame and each of the left end and right end of the flat cooking surface corresponding with the respective left side and right side of the frame;

4895-0428-0705.2

d.   a splash guard extending upward from the flat cooking surface along each of the left and right ends and the front and rear ends of the cooking surface, the splash guard extending upward to define an interior surface and an exterior surface of the splash guard, the splash guard extending along the rear end of the cooking surface defining a rear opening therein, the rear opening extending between the interior surface and the exterior surface of the splash guard and positioned at a lower mid-portion of the splash guard adjacent the rear end of the cooking surface; and

e.   a trough defined in the cooking surface at a rear central portion of the cooking surface and adjacent the rear end of the cooking surface, the trough including a sloped surface extending downward toward the rear opening defined in the splash guard.

52.   As further shown in the images below, the Accused Product satisfies all claim limitations of at least claim 1 of the '589 Patent:




53.   Flame King has been infringing—directly, contributorily, and by inducement—the claims of the '589 Patent in the United States, including in this judicial district.

54.   Blackstone has satisfied the statutory requirements to collect pre-suit damages for infringement of each of the Blackstone Patents, including, without

4895-0428-0705.2

1  limitation, any applicable provisions of 35 U.S.C. § 287, by, at least, providing notice via
2  a website made available at https://blackstoneproducts.com/pages/patents.

3      55.     Blackstone has been damaged by Flame King's infringement of the '589
4  Patent and will continue to be damaged unless Flame King is enjoined by this court.
5  Blackstone has suffered and continues to suffer irreparable injury for which there is no
6  adequate remedy at law. The balance of hardships favors Blackstone and public interest
7  would be served by an injunction.

8      56.     By reason of the foregoing, Blackstone is entitled to relief against Flame
9  King, pursuant to at least 35 U.S.C. §§ 283–85.

10      **Count III—Infringement of U.S. Patent No. 10,952,564**

11      57.     Blackstone repeats and realleges the allegations set forth above as if fully
12  restated herein.

13      58.     The '564 Patent was filed on June 21, 2019, and issued March 23, 2021,
14  entitled, "Griddle device, system, and method." A copy of the '564 Patent is attached
15  hereto as Exhibit 3.

16      59.     Blackstone is the owner by assignment of all rights, title, and interest in the
17  '564 Patent. The '564 Patent is valid, enforceable, and was duly issued in full compliance
18  with Title 35 of the United States Code. Blackstone has not licensed Flame King to
19  practice the '564 Patent.

20      60.     Flame King makes, uses, sells, offers to sell, and/or imports into the United
21  States the Accused Product.

22      61.     Flame King also makes, uses, sells, offers to sell, and/or imports into the
23  United States the Accused Product directly as well as from and through other retailers,
24  such as Home Depot.

25      62.     Flame King offers the Accused Product for sale to potential buyers. The
26  Accused Product competes directly with Blackstone's products, are sold at the same
27  retailers as Blackstone's products, and closely imitate the technology of the '564 Patent.

28

4895-0428-0705.2

63.    The Accused Products infringe literally or under the doctrine of equivalents, at least claim 1 of the '564 Patent, in violation of United States Patent laws. 35 U.S.C §§ 271, *et seq*.

64.    The Accused Product is a griddle system configured to manage unwanted food byproducts that comprises:

      a.  a griddle including an upper side and an underside, the upper side including a flat cooking surface extending to define a rear end, a front end, a left end and a right end, the rear end extending parallel relative to the front end and the left end extending parallel relative to the right end, the upper side including a splash guard extending along an entire periphery of the upper side of the griddle so as to extend above the flat cooking surface, the splash guard extending to define a rear splash guard, a front splash guard, a left splash guard and a right splash guard, the front splash guard and the left and right splash guards directly extending upward from the flat cooking surface along entire lengths of the respective front, left and right ends of the flat cooking surface;

      b.  wherein the splash guard extends with a top edge along each entire length of the respective rear, front, left and right splash guards;

      c.  wherein the rear splash guard at least partially defines a rear opening therein such that the top edge along the rear splash guard extends over the rear opening; and

      d.  wherein the flat cooking surface, adjacent a length of the rear end of the cooking surface, directly extends to a sloped surface to define a trough such that the sloped surface extends with an acute angle relative to the flat cooking surface so as to slope to the rear opening defined in the rear splash guard.

65.    As further shown in the images below, the Accused Product satisfies all claim limitations of at least claim 1 of the '564 Patent:

4895-0428-0705.2



66.     Flame King has been infringing—directly, contributorily, and by inducement—the claims of the '564 Patent in the United States, including in this judicial district.

67.     Blackstone has satisfied the statutory requirements to collect pre-suit damages for infringement of each of the Blackstone Patents, including, without limitation, any applicable provisions of 35 U.S.C. § 287, by, at least, providing notice via a website made available at https://blackstoneproducts.com/pages/patents.

68.     Blackstone has been damaged by Flame King's infringement of the '564 Patent and will continue to be damaged unless Flame King is enjoined by this court. Blackstone has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Blackstone and public interest would be served by an injunction.

69.     By reason of the foregoing, Blackstone is entitled to relief against Flame King, pursuant to at least 35 U.S.C. §§ 283–85.

**Count IV—Infringement of U.S. Patent No. 10,959,572**

70.     Blackstone repeats and realleges the allegations set forth above as if fully restated herein.

71.     The '572 Patent was filed on June 21, 2019, and issued March 30, 2021, entitled, "Outdoor cooking station with griddle, system and method thereof." A copy of the '572 Patent is attached hereto as Exhibit 4.

72.    Blackstone is the owner by assignment of all rights, title, and interest in the '572 Patent. The '572 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. Blackstone has not licensed Flame King to practice the '572 Patent.

73.    Flame King makes, uses, sells, offers to sell, and/or imports into the United States the Accused Product.

74.    Flame King also makes, uses, sells, offers to sell, and/or imports into the United States the Accused Product directly as well as from and through other retailers, such as Home Depot.

75.    Flame King offers the Accused Product for sale to potential buyers. The Accused Product competes directly with Blackstone's products, are sold at the same retailers as Blackstone's products, and closely imitate the technology of the '572 Patent.

76.    The Accused Products infringe literally or under the doctrine of equivalents, at least claim 1 of the '572 Patent, in violation of United States Patent laws. 35 U.S.C §§ 271, *et seq*.

77.    The Accused Product is an outdoor cooking station configured to manage unwanted food byproduct that comprises:

 a.    a frame extending to define a front side, a rear side, a left side and a right side each extending between a lower end and an upper portion, the frame including multiple heating elements controlled along the front side and coupled to the upper portion of the frame; and

 b.    a griddle configured to be supported by the upper portion of the frame and positioned above the heating elements, the griddle including:

 c.    a flat cooking surface extending between a front end and a rear end and extending between left end and a right end, each of the front end and the rear end of the flat cooking surface corresponding with the respective front side and the rear side of the frame and each of the left end and the

4895-0428-0705.2

right end of the flat cooking surface corresponding with the respective
left side and the right side of the frame;

    d.  a splash guard extending upward from the flat cooking surface along
each of the left and right ends and the front and rear ends of the cooking
surface, the splash guard extending upward to define a splash guard top
edge such that the splash guard top edge extends above each of the left
and right ends and the front and rear ends of the cooking surface, the
splash guard extending along the rear end of the cooking surface at least
partially defining a rear opening therein along a lower portion of the
splash guard adjacent the rear end of the cooking surface such that an
upper portion of the splash guard and the splash guard top edge extend
above the rear opening; and

    e.  a sloped surface extending directly from the cooking surface and
extending adjacent the rear end of the cooking surface so as to extend
downward toward the rear opening defined in the splash guard.

78. As further shown in the images below, the Accused Product satisfies all
claim limitations of at least claim 1 of the '572 Patent:

 

79. Flame King has been infringing—directly, contributorily, and by
inducement—the claims of the '572 Patent in the United States, including in this judicial
district.

80. Blackstone has satisfied the statutory requirements to collect pre-suit damages for infringement of each of the Blackstone Patents, including, without limitation, any applicable provisions of 35 U.S.C. § 287, by, at least, providing notice via a website made available at https://blackstoneproducts.com/pages/patents.

81. Blackstone has been damaged by Flame King's infringement of the '572 Patent and will continue to be damaged unless Flame King is enjoined by this court. Blackstone has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Blackstone and public interest would be served by an injunction.

82. By reason of the foregoing, Blackstone is entitled to relief against Flame King, pursuant to at least 35 U.S.C. §§ 283–85.

## Count V—Infringement of U.S. Patent No. 11,284,743

83. Blackstone repeats and realleges the allegations set forth above as if fully restated herein.

84. The '743 Patent was filed on March 27, 2021, and issued March 29, 2022, entitled, "Outdoor cooking station with griddle, system and method thereof." A copy of the '743 Patent is attached hereto as Exhibit 5.

85. Blackstone is the owner by assignment of all rights, title, and interest in the '743 Patent. The '743 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. Blackstone has not licensed Flame King to practice the '743 Patent.

86. Flame King makes, uses, sells, offers to sell, and/or imports into the United States the Accused Product.

87. Flame King also makes, uses, sells, offers to sell, and/or imports into the United States the Accused Product directly as well as from and through other retailers, such as Home Depot.

88.     Flame King offers the Accused Product for sale to potential buyers. The Accused Product competes directly with Blackstone's products, are sold at the same retailers as Blackstone's products, and closely imitate the technology of the '743 Patent.

89.     The Accused Products infringe literally or under the doctrine of equivalents, at least claim 1 of the '743 Patent, in violation of United States Patent laws. 35 U.S.C §§ 271, *et seq*.

90.     The Accused Product is an outdoor cooking station configured to manage unwanted food byproduct that comprises:

      a.  a frame extending to define a front side, a rear side, a left side and a right side each extending between a lower end and an upper portion, the frame supporting multiple heating elements controlled along the front side and coupled to the frame; and

      b.  a griddle configured to be supported by the upper portion of the frame and positioned above the heating elements, the griddle including:

      c.  a flat cooking surface extending between a front end and a rear end and extending between a left end and a right end, each of the front end and the rear end of the flat cooking surface corresponding with the respective front side and the rear side of the frame and each of the left end and the right end of the flat cooking surface corresponding with the respective left side and the right side of the frame;

      d.  a splash guard extending upward from the flat cooking surface along each of the left and right ends and the front and rear ends of the cooking surface, the splash guard extending upward to define a splash guard top edge such that the splash guard top edge extends above each of the left and right ends and the front and rear ends of the cooking surface, the splash guard extending along the rear end of the cooking surface at least partially defining a rear opening adjacent the rear end of the cooking

surface such that the splash guard top edge extends over the rear opening; and

e. a sloped surface extending directly from the cooking surface and extending adjacent the rear end of the cooking surface so as to extend downward toward the rear opening.

91.    As further shown in the images below, the Accused Product satisfies all claim limitations of at least claim 1 of the '743 Patent:

 

92.    Flame King has been infringing — directly, contributorily, and by inducement — the claims of the '743 Patent in the United States, including in this judicial district.

93.    Blackstone has satisfied the statutory requirements to collect pre-suit damages for infringement of each of the Blackstone Patents, including, without limitation, any applicable provisions of 35 U.S.C. § 287, by, at least, providing notice via a website made available at https://blackstoneproducts.com/pages/patents.

94.    Blackstone has been damaged by Flame King's infringement of the '743 Patent and will continue to be damaged unless Flame King is enjoined by this court. Blackstone has suffered and continues to suffer irreparable injury for which there is no adequate remedy at law. The balance of hardships favors Blackstone and public interest would be served by an injunction.

4895-0428-0705.2

95.     By reason of the foregoing, Blackstone is entitled to relief against Flame King, pursuant to at least 35 U.S.C. §§ 283–85.

### Prayer for Relief

WHEREFORE, Blackstone prays for judgment against Flame King as follows:

A.     That Flame King has infringed one or more of the claims of the Blackstone Patents;

B.     That Flame King and its employees, officers, directors, agents, affiliates, (and all of those in active concert and participation with any of the foregoing) be temporarily restrained, preliminarily enjoined, and permanently enjoined from any direct, indirect or joint infringement of the Blackstone Patents—whether literal or under the doctrine of equivalents;

C.     That Flame King provide an accounting of all Flame King's sales, revenues, and profits subject to Blackstone's causes of action;

D.     That Flame King is liable to Blackstone for an award of actual damages, treble damages, and disgorgement of profits in an amount to be determined at trial;

E.     That Blackstone be awarded pre-judgment and post-judgment interest;

F.     That the case be declared exceptional under, *inter alia,* 35 U.S.C. § 285 such that Blackstone is awarded its attorneys' fees and costs incurred in this action; and

G.     That Blackstone be awarded any and all relief to which Blackstone may show itself be entitled to;

H.     That Blackstone be awarded such other and further relief the Court deems just and proper.

### Jury Demand

Blackstone demands a jury trial on all issues so triable.

1    Dated: September 29, 2023          Respectfully submitted,

2                              FOLEY & LARDNER LLP

3                      By: */s/ Jared J. Braithwaite*

4                            Jared J. Braithwaite

5

6                            Attorneys for Plaintiff North Atlantic
Imports, LLC d/b/a Blackstone

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4895-0428-0705.2